## HOBBS et al. v. SCOTT.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

TAXATION—TAX SALE—NOTICE—AFFIDAVIT OF SERVICE.

Under Laws 1883, p. 104, c. 114, § 5, requiring that an affidavit of a person making service of notice of sale of lands for taxes should state deponent's knowledge as to the identity of the person served, an affidavit of service, stating that deponent knew the persons served to be the widow, children, and executor and widow of a deceased son of the deceased owner, to whom notice was addressed, was sufficient, though the facts on which the knowledge was based were not stated.

Action by John Hobbs and another, as executors of John Hobbs, deceased, against Walter M. Scott. Submission of question of law to Appellate Division of Supreme Court upon agreed statement of facts. Judgment for plaintiffs.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Sackett & Lang, for plaintiffs.
Frederick Cobb, for defendant.

RICH, J. Acting under the requirements of section 3, c. 114, p. 103, of the Laws of 1883, the registrar of arrears of the city of Brooklyn, on March 25, 1885, sold certain real property situate therein for unpaid taxes, or assessments, to the plaintiff's testator, and issued to him a certificate of sale. The premises so sold were assessed to one James O'Brien, who, prior to such sale, died the owner in fee thereof. Hobbs caused the notice provided for by section 5 of said statute, directed to Mary O'Brien, widow, Stephen O'Brien, sole executor, and the children of said James O'Brien and the widow of a deceased son, to be served; the affidavit of such service stating that "deponent knew the persons so served aforesaid to be the same persons mentioned in and to whom such notice of sale was directed, respectively, and also knew the said Mary O'Brien so served as aforesaid to be the widow, and the said Ellen Frances O'Brien, Joseph E. O'Brien, Catharine L. O'Brien, and Walter B. O'Brien, so served as aforesaid, and the said James Joseph O'Brien, deceased, to be the children of the said James O'Brien, deceased, which said James O'Brien, deceased, died seised and possessed of an estate in the land mentioned in said notice; that deponent also knew the said Kate O'Brien to be the widow of said James Joseph O'Brien, deceased, and the said Stephen O'Brien, so served as aforesaid, to be the executor of said James O'Brien, deceased." On or about November 11, 1886, said registrar, pursuant to the provisions of said statute, executed and delivered a deed of said premises to said Hobbs, who recorded the same, entered into immediate possession of the premises, and remained in possession thereof until his death. He left a last will and testament containing a power of sale in his executors, which was duly admitted to probate by the surrogate of Kings county, and the plaintiffs qualified thereunder and are now acting as such executors. On January 2, 1907, they contracted in writing with the defendant for the sale of said real property to him by a proper deed containing a general warranty and the usual full cov-

enants for conveying and assuring to him the fee simple thereof, free from all incumbrances.

At the time and place fixed in said contract for the delivery of the deed the defendant declined and refused to accept a conveyance upon the ground that the affidavit of service of the notice hereinbefore quoted did not comply with the requirements of section 5, c. 114, p. 104, of the Laws of 1883, in that it did not state the knowledge of the server as to the identity of the persons served. We think his refusal was unwarranted. The statute does not require the person serving such notice to state in his affidavit of service the facts from which his knowledge was acquired or the source of such knowledge, differing in this respect from the requirements of rule 18 of the general rules of practice, cited by counsel for defendant, which is limited by its terms to proof of the service of a summons in an action for a divorce, and is not applicable to an affidavit of service in the proceeding under the statute under consideration, which requires a statement of the knowledge of the affiant as to the identity of the person served. This requirement was fully met by the statement of the server that he knew the persons served to be the widow, children, executor, and widow of a deceased son of the deceased owner, to whom the notice is in terms addressed.

The plaintiffs are entitled to judgment according to the terms of the submission, with costs. All concur.